**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:24-cv-03190-NYW

ADRIANA VANCE on behalf of Raymond Green, deceased; TANYA BEAL on behalf of Kelly Loving, deceased; JULIA RUMP on behalf of Derrick Rump, deceased; JOHN ARCEDIANO; JANCARLOS DEL VALLE; ASHTIN GAMBLIN; JERECHO LOVEALL; ANTHONY MALBURG; CHARLENE SLAUGH; JAMES SLAUGH; BRIANNA WINNINGHAM,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF EL PASO COUNTY, COLORADO, EL PASO COUNTY SHERIFF BILL ELDER, in his personal and official capacities, G.I.G., Inc. d/b/a Club Q, Club Q, LLC, d/b/a Club Q, 3430 N. Academy, LLC, Academy 3430, LLC; MATTHEW HAYNES, KENNETH ROMINES, NICHOLAS GRZECKA,

    Defendants.

## MOTION TO STAY DISCOVERY

Defendants 3430 N. Academy, LLC ("3430 Academy"), Matthew Haynes ("Haynes"), G.I.G., Inc. ("GIG"), Club Q, LLC ("Club Q"), and Academy3430, LLC ("Academy3430") (collectively "Club Q Defendants"), by and through their respective counsel, submit their Joint Motion to Stay Discovery ("Motion").

CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1

Counsel for Club Q Defendants conferred with counsel for Plaintiffs by during court proceedings on March 3, 2025. Plaintiffs oppose the relief requested herein. The represented Defendants all join in the relief requested herein. Defendant Nicholas Grzecka, proceeding pro se, did not respond to attempts to confer.

## I.  INTRODUCTION

Plaintiffs' Amended Complaint generally alleges that Defendant Anderson Lee Aldrich murdered five people and injured 25 others in a mass shooting at Club Q. ECF #33, ¶¶ 1-2, 16, 21-25. The Amended Complaint makes undifferentiated allegations against G.I.G., Club Q, 3430 Academy, Academy 3430, Haynes, Romines, and Grzecka.

Plaintiffs assert two claims against Club Q Defendants: (1) Colorado's Premises Liability Act ("PLA"), Colo. Rev. Stat. § 13-21-115(4); and (2) common law negligence. *Id*., ¶¶ 270-293. On February 14, 2025, Defendants 3430 Academy and Haynes filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). ECF #39. On that same day, Defendants G.I.G., Club Q and 3430Academy filed a Motion for Leave to Join Defendants 3430 Academy and Haynes Motion to Dismiss, ECF #39 or, in the Alternative, for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6). ECF #40.

Plaintiffs also assert claims against the Board of County Commissioners of El Paso County ("BOCC") and El Paso County Sheriff Bill Elder in his individual and official capacities. ECF #33, ¶¶ 216-268. On January 21, 2025, the El Paso County Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) arguing, among other things, that Sheriff Elder enjoys qualified immunity. ECF #37, at 23.

On March 3, 2025, this Court convened a pre-scheduling conference. During the conference, counsel for El Paso County Defendants indicated that he would file a motion to stay discovery pending resolution of the motion to dismiss. The Court then ordered Club Q Defendants to file a joint motion to the extent they believe any such stay

should apply to them. On March 7, 2025, the El Paso County Defendants filed their motion to stay. For the reasons below, Club Q Defendants join the Motion to Stay of the El Paso County Defendants.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. 2006). Yet, Fed. R. Civ. P. 26 provides that "'[a] party or any person from whom discovery is sought may move for a protective order,' and the court may, 'for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" *Blake v. Liliane Hong*, 2021 U.S. Dist. LEXIS 212804, *6-7, 2021 WL 5071967 (D. Colo. 2021), citing Fed. R. Civ. P. 26(c).

The trial court may stay discovery in the exercise of its sound discretion. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, while the Federal Rules of Civil Procedure do not expressly provide for such relief, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

The Court may weigh the following interests in considering a motion for stay: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public

3

interest. *String Cheese Incident*, 2006 WL 894955, at *2. In determining whether a stay is appropriate, the court also weighs interests such as: (1) whether defendants are likely to prevail in the civil action; (2) whether defendants will suffer irreparable harm; (3) whether the stay will cause substantial harm to other parties to the proceeding; and (4) the public interests at stake. *Sanchez v. City and Cty. of Denver*, 2020 U.S. Dist. LEXIS 32606, 2020 WL 924607, at *3 (D. Colo. 2020) (citing *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)).

Courts in the Colorado District generally disfavor staying of all discovery. *See, e.g., Wason Ranch Corp. v. Hecla Mining Co.*, 2007 U.S. Dist. LEXIS 41174, 2007 WL 1655362, at *1 (D. Colo. 2007). Yet, a stay may become appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues. *Clarendon Nat'l Ins. Co. v. Glickauf*, 2019 U.S. Dist. LEXIS 73824, 2019 WL 1897845, at *2 (D. Colo. 2019); *see also Blake*, 2021 U.S. Dist. LEXIS 212804, *7.

### III.   ARGUMENT

A.   Qualified Immunity.

Club Q Defendants adopt and incorporate by reference the arguments of the El Paso County Defendants with respect to qualified Immunity. *See* Fed. R. Civ. P. 10(c); *see also* Defendant Bill Elder's Motion to Stay Discovery, at 2-11 (ECF #49).

B.   Controlling Factors

Club Q Defendants adopt and incorporate by reference the arguments of the El Paso County Defendants with respect to the applicable factors for a motion to stay

discovery. *See* Fed. R. Civ. P. 10(c); *see also* Defendant Bill Elder's Motion to Stay Discovery, at 11-15 (ECF #49).

**Expeditious Litigation**. In addition, the *String Cheese* factors support a stay of discovery with respect to the Club Q Defendants. *String Cheese Incident*, 2006 WL 894955, at *2. For instance, the first *String Cheese* factor involves Plaintiffs' interests in expeditiously litigating this action and the potential prejudice to Plaintiffs. Club Q Defendants generally agree that every Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously" in litigation. *Blake*, 2021 U.S. Dist. LEXIS 212804, *10-11. On the other hand, generalized concerns that the passage of time will result in witnesses becoming unavailable, memories fading, documents becoming lost or destroyed, alone will not cause prejudice to Plaintiff. *See McGettigan v. Di Mare*, 2015 WL 3636582, at *3 (D. Colo. 2015). In fact, Plaintiffs filed this action on the eve of the expiration of the statute of limitations. *See Lumen Techs. Serv. Grp., LLC v. CEC Grp. LLC*, 2023 WL 5747615, at *2 (D. Colo. July 20, 2023) (complaint filed nearly three years after injury to the plaintiff mitigated against any urgency in connection with a stay while the court resolves issues of personal jurisdiction).

Plaintiffs also cannot truly articulate any evidentiary prejudice from a stay of discovery pending resolution of the motions to dismiss. Any such prejudice from a delay would become negligible because this Court must grant the stay requested by the El Paso County Defendants. Much, if not most, of the discovery will inevitably become intertwined between the Club Q Defendants and the El Paso County Defendants

5

Regardless of the outcome of the pending motions to dismiss, Plaintiffs' claims will almost certainly face significant delays. This Court's ruling on qualified immunity will inevitably trigger an appeal to the Tenth Circuit. Accordingly, any delay should not weigh against a stay. *See Edwards v. Zenimax Media, Inc.*, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012) (plaintiff allowed years to pass before filing action casted doubt on any assertion of significant prejudice from a proportionately brief delay in discovery).

**Substantial Financial Burdens on Defendants**. Plaintiff's claims against Club Q Defendants face significant obstacles because of recent amendments to the PLA. Because the pending motions to dismiss may resolve the case entirely, a stay would prevent the potential waste of significant financial resources on behalf of the Club Q Defendants. *See Atl. Richfield Co. v. NL Indus., Inc.*, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021).

Discovery in this case will remain intertwined with Plaintiffs' claims against the El Paso County Defendants. Granting a stay for the El Paso County Defendants but not for the Club Q Defendants, would undercut the policy favoring stays pending resolution of qualified immunity issues. The Amended Complaint focuses on numerous public safety incidents purportedly relating to Club Q and the LGBTQA+ community as a whole. Sheriff Elder and the El Paso County Sheriff's Office will have relevant information on these allegations. In other words, the El Paso County Defendants will necessarily participate in some measure in the discovery process absent a stay of discovery for all Defendants. The only way to "free" the governmental defendants from the burdens of

6

discovery is to apply a stay for all parties. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009).

**Convenience to the Court / Judicial Economy**. Absent a stay, the Court faces the prospect of two trials in this case. In those circumstances, Club Q Defendants would expend considerable resources preparing this case for the first trial. Meanwhile, the qualified immunity issue may take months or years to resolve at the Tenth Circuit. Judicial economy and the principles embodied in Fed. R. Civ. P. 1 militate in favor of granting a stay as to the entire case. *See Lumen Techs. Serv. Grp., LLC v. CEC Grp. LLC*, 2023 WL 5747615, at *2 (D. Colo. July 20, 2023) ("Neither the Court's nor the parties' time is well-served by being involved in the struggle over the substance of the suit when, as here, a dispositive motion is pending."); *Stone v. Vail Resorts Dev. Co.*, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010) ("The Court can be inconvenienced by an ill-advised stay by making the Court's docket less predictable and less manageable."). Thus, granting the stay for the Club Q Defendants will ensure that the Court does not waste its time or resources in connection with parties that the Court may ultimately dismiss. *Cf. Burba v. United States*, 2020 WL 4207518, (D. Colo. July 22, 2020) (the interest of the court would not be furthered with a stay where resolution of a dispositive motion would not resolve the entire action).

"[I]f the case remains 'in a stagnant state' on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court." *Est. of Thakuri by & through Thakuri v. City of Westminster*, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019), *objections overruled*, 2024 WL 1152564 (D. Colo. Feb. 23, 2024). "In those

7

circumstances, scheduling and discovery issues will not be raised until it is clear which claims and which Defendants will be moving forward in this case." *Id*. "It is certainly more efficient for the Court to handle, for example, discovery issues after the initial dispositive motions have been adjudicated." *Id*. Indeed, "if successful, the Motion to Dismiss would entirely dispose of the instant action. Given that this proceeding is at the very early stages, the Court finds that the interests of judicial economy weigh in favor of granting the stay." *Viviano*, 2017 U.S. Dist. LEXIS 91052, *7. Lastly, "[a]ll things equal, this court would prefer more certainty as to the claims moving forward which aids in the ability to appropriately frame discovery and assist Parties with any discovery disputes." *Rivera v. Maldonado*, 2021 U.S. Dist. LEXIS 210109, *9, 2021 WL 5050425 (D. Colo. 2021); *see also Wyers Prod. Grp.*, 2013 U.S. Dist. LEXIS 80433, 2013 WL 2466917, at *3 ("any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction").

**Interests of Non-Parties**. Discovery in this case will involve dozens of witnesses, ranging from first responders to Club Q patrons. Discovery will involve the El Paso County Sheriff's Office with respect to prior incidents or threats related to Club Q specifically and the LGBTQA+ community generally. Efficiency will disappear if non-parties must endure the burdens of discovery when this Court may dismiss the entire action. *See Serna v. City of Colorado Springs*, 2023 WL 5017259, at *5 (D. Colo. Aug. 7, 2023). The factor weighs heavily because, absent a stay, non-party victims of the shooting will likely have to relive the horrors of the shooting at deposition. The Court should not require these witness to endure such distress unless and until the Court finds

8

that Plaintiff have stated cognizable claims. *See Warad W. LLC v. Sorin CRM USA Inc.*, 2015 U.S. Dist. LEXIS 44683, at *6 (D. Colo. 2015); *see also FDIC v. Banc of Am. Funding Corp.*, 2014 U.S. Dist. LEXIS 52695, at *7 (D. Colo. 2014) ("[n]on-parties could be unnecessarily burdened by discovery requests via subpoenas and/or depositions if [a] motion to dismiss is granted in whole or in part").

**Public Interest**. A stay in discovery will serve the public interest in this matter because it will avoid wasting judicial resources on a case that the Court could ultimately dismiss. *See Lucero v. City of Aurora*, 2023 WL 5957126, at *10 (D. Colo. Sept. 13, 2023) (core consideration underlying the public's interest in the efficient and just handling of legal disputes); *see also U.S.A. Dawgs, Inc. v. Snyder*, 2017 WL 219329, at *3 (D. Colo. Jan. 18, 2017) ("[a]voiding wasteful efforts by the Court clearly serves this interest."). Moreover, "while the public has an interest in the speedy resolution of legal disputes*, see, e.g., Waisanen v. Terracon Consultants,. Inc.*, 2009 U.S. Dist. LEXIS 123427, 2009 WL 5184699, at *2 (D. Colo. 2009), "there is also a strong public policy behind the qualified immunity doctrine. Among other things, this includes avoiding unnecessary expenditures of public and private resources on litigation." *Makeen Inv. Grp., LLC v. Vallejos*, 2018 U.S. Dist. LEXIS 18476, *10-11, 2018 WL 704383 (D. Colo. 2018) (citation omitted); *Wells v. Dish Network, LLC*, 2011 U.S. Dist. LEXIS 66948, 2011 WL 2516390, at *2 (D. Colo. 2011); *Woodson v. Armor Corr. Health Servs., Inc.*, 2020 U.S. Dist. LEXIS 126154, 2020 WL 4041460, at *5 (D. Colo. 2020).

**Conclusion**. In short, all factors weigh strongly in favor of staying discovery in this matter pending the resolution of the pending motions to dismiss of all Defendants.

WHEREFORE, the Club Q Defendants respectfully request and pray this Court for an Order staying discovery in this matter pending the resolution of Defendants' motions to dismiss.

Dated: March 12, 2025

| KLCS PC | SGR, LLC |
|---|---|
| */s/ Michael D. Kuhn* <br> Michael D. Kuhn <br> Cameron L. Caldwell <br> 431 North Cascade Avenue, Suite 1 <br> Colorado Springs, Colorado 80903 <br> Telephone: (719) 215-8000 <br> Email:  mkuhn@klcs.law <br>   ccaldwell@klcs.law <br><br> *Attorney for Defendants G.I.G., Club Q LLC, and Academy3430* | */s/ Paul D. Godec* <br> Paul D. Godec <br> Jonathan M. Abramson <br> 3900 East Mexico Avenue, Suite 700 <br> Denver, Colorado 80210 <br> Telephone: (303) 320-0509 <br> Email:  pgodec@sgrllc.com <br>   jabramson@sgrllc.com <br><br> *Attorneys for 3430 North Academy, LLC and Matthew Haynes* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of March 2025, I electronically filed a true and correct copy of the above and foregoing **MOTION TO STAY DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Via U.S. Mail**
Nicholas Grzecka, nicgrzecka@gmail.com
4202 N. 28th St., Ste. 14
Phoenix, AZ, 85016
*Pro Se Defendant*

Bradley T. Bufkin, brad@bbmslaw.com
Matthew L. Schneider, matthew@bbmslaw.com
*Counsel for Plaintiff*

Nathan J. Whitney, nathanwhitney@elpasoco.com
Bryan E. Schmid, bryanschmid@elpasoco.com
*Attorneys for El Paso County Defendants*

Michael D. Kuhn, mkuhn@klcs.law
Cameron L. Caldwell, ccaldwell@klcs.law
*Attorneys for Defendants G.I.G., Inc.; Club Q, LLC; and Academy3430, LLC*

*/s/ James Reynolds*
Paralegal
SGR, LLC

11