## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Adriana Vance as natural mother of Raymond
Green, deceased, and as Personal
Representative of the Estate of Raymond
Green a/k/a Raymond Alfredo Green,
deceased, *et al.*,

       Plaintiffs,

    v.

El Paso County Board of County
Commissioners, *et al.*,

       Defendants.

Case No.: 24-CV-3190

## SCHEDULING ORDER

### STATEMENT OF DISPUTES:

Pursuant to the Court's order from the motions hearing on May 7, 2025, the parties are stating their disputed issues on the first page of this Scheduling Order as such:

1. Scope of Discovery (the number of interrogatories, production of documents, and requests for admissions are disputed. Sections 8(b) & (c).

2. The date/time for amendments is disputed. Section 9(a).

3. The date/time for the cutoff of discovery is disputed. Section 9(b).

4. The parties have not fully resolved the informal discovery with the El Paso County Defendants as of the date of filing this Scheduling Order but are not yet seeking Court intervention as discussions are ongoing. Section 6(e).

## 1. DATE OF SCHEDULING CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to the Order of the Court, a Scheduling Conference has not yet been set in this matter.

**Counsel for Plaintiffs Adriana Vance as the natural mother of Raymond Green, deceased, and as Personal Representative of the Estate of Raymond Green a/k/a Raymond Alfredo Green, deceased; Tanya Beal as the natural mother of Kelly Loving, deceased, and as the Personal Representative of the Estate of Kelly Loving a/k/a Jonathan Ray Loving, deceased; Julia Rump as the natural mother of Derrick Rump, deceased, and as Personal Representative of the Estate of Derrick Wayne Rump a/k/a Derrick W. Rump, deceased; John Arcediano; Jancarlos Del Valle; Ashtin Gamblin; Jerecho Loveall; Anthony Malburg; Charlene Slaugh; James Slaugh; and Brianna Winningham:**

> ROMANUCCI & BLANDIN, LLC
> Antonio M. Romanucci
> Patrick A. Huber
> Sarah M. Raisch
> 321 N. Clark Street, Suite 900
> Chicago, IL 60654
> Phone: (312) 458-1000
> aromanucci@rblaw.net
> phuber@rblaw.net
> sraisch@rblaw.net

**Counsel for Plaintiff Barrett Hudson:**

> Bufkin & Schneider Law, LLC
> Bradley T. Bufkin
> Matthew L. Schneider
> 2 N. Nevada Ave., Suite 1140
> Colorado Springs, CO 80903
> Phone: (719) 247-3028
> brad@bbmslaw.com
> matthew@bbmslaw.com

**Counsel for Defendants: Board of County Commissioner of El Paso County, Colorado; and El Paso County Sheriff Bill Elder:**

> Office of the County Attorney of El Paso County, Colorado
> Nathan J. Whitney
> Bryan E. Schmid
> 200 S. Cascade Ave.
> Colorado Springs, CO 80903
> Phone: (719) 520-6485
> Fax: (719) 520-6487

nathanwhitney@elpasoco.com
bryanschmid@elpasoco.com

**Counsel for Defendants:  3430 N. Academy, LLC; and Matthew Haynes:**
SGR, LLC
Jonathan M. Abramson
Paul D. Godec
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Phone: (303) 320-0509
jabramson@sgrllc.com
pgodec@sgrllc.com

**Counsel for Defendants:  G.I.G., Inc, Club Q, LLC, and Academy3430:**
KLCS PC
Michael D. Kuhn
Cameron L. Caldwell
431 N. Cascade Ave, Ste. 1
Colorado Springs, CO 80903
Phone:  (719) 215-8000
mkuhn@klcs.law
ccaldwell@klcs.law

**Pro Se Defendant: Kenneth Romines**
Kenneth Romines
11301 N. Indiana Ave, #A
Oklahoma City, OK 73120
(405) 965-3527

**Bankruptcy Counsel for Nicholas Grzecka**
Allan D Newdelman PC
80 E. Columbus Ave
Phoenix, AZ 85012
(602) 264-4550
anewdelman@adnlaw.net

**Pro Se Defendant:  Anderson Lee Aldrich**
Anderson Lee Aldrich
846 Northeast 54th Terrace,
Coleman, FL 33521

## 2. STATEMENT OF JURISDICTION

This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this action is brought under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983 and 1988. This Court has supplemental pendent jurisdiction based on 28 U.S.C. § 1367 because the alleged violations of federal law are substantial, and the pendent causes of the action and pendent parties derive from a common nucleus of operative facts.

Additionally, Barrett Hudson asserts diversity jurisdiction under 28 U.S.C. § 1332. Diversity of citizenship exists between the parties as Plaintiff Barrett Hudson resides in North Carolina, Sheriff Elder resides in Arizona, and there are parties residing in Colorado, and the amount in controversy exceeds $75,000.00.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiff:** On November 19, 2022, Anderson Aldrich entered Club Q, an LGBTQIA+ nightclub in Colorado Springs, wearing body armor and carrying an AR-15–style rifle and a handgun, and killed five patrons and wounded at least seventeen others before bystanders stopped him. The surviving victims and the estates and family members of those killed (Plaintiffs) are bringing claims against the El Paso County Board of Commissioners and Sheriff's Office, alleging under 42 U.S.C. § 1983 that the County's failure to invoke Colorado's Extreme-Risk-Protection-Order ("red-flag") law after Aldrich's June 18, 2021 bomb-threat/hostage incident affirmatively placed them in foreseeable danger, and have also sued the owners and operators of Club Q for premises liability, asserting negligence claims for failure to take adequate security precautions in the face of known threats.

**b. Defendant**

**i. El Paso County Defendants:**

4

Discovery has been stayed as to the El Paso County Defendants.  Notwithstanding, Plaintiffs' state-created danger claims fail for the reasons stated in the El Paso County Defendants' Motions to Dismiss and combined Reply filed in support thereof.  If the stay of discovery is lifted, the El Paso County Defendants reserve the right to supplement their portions of this Scheduling Order.

### ii.  3430 N. Academy, LLC and Matthew Haynes:

On November 19, 2022, a mass shooting occurred at Club Q, an LGBTQIA+ nightclub in Colorado Springs, Colorado.  Plaintiffs assert claims against 3430 N. Academy, LLC ("3430") and Matthew Haynes ("Haynes") under the Colorado Premises Liability Act ("PLA").  Plaintiffs also assert claims against 3430 and Haynes in common law negligence.  Plaintiffs additionally assert claims against 3430 and Haynes for wrongful death.  3430 and Haynes assert that, under the Amended PLA, criminal actors have exclusive liability for their criminal acts because a person or business has no responsibility to foresee intentional violent acts.  3430 and Haynes assert that, for claims against a landowner for injuries occurring on the land of the landowner, the PLA remains the exclusive remedy.  Therefore, the PLA negates any recovery against 3430 and Haynes under a theory of common law tort such as negligence or wrongful death.

### iii.  Defendants G.I.G., Inc, Club Q, LLC, and Academy3430:

Defendants G.I.G., Inc, Club Q, LLC, and Academy3430 adopt the statement of Defendants 3430 N. Academy, LLC and Matthew Haynes and submit the claims against them should be dismiss for the reasons set forth in their pending motion to dismiss. Defendants G.I.G., Inc, Club Q, LLC, and Academy3430 further intend to assert various other defenses including, without limitation, those based on causation and foreseeability.

### iv.  Nicholas Edward Grzecka:

Defendant Grezecka has filed for Chapter 13 Bankruptcy and the automatic stay applies to Mr. Grezecka.

No response was received from Defendant Kenneth Romines.

No contact was able to be made with Defendant Anderson Aldrich.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      On November 19, 2022, Anderson Aldrich committed a mass shooting inside Club Q, an LGBTQIA+ nightclub in Colorado Springs, Colorado.

2.      Club Q operated at 3430 North Academy Boulevard in Colorado Springs.

3.      Colorado's Extreme Risk Protection Order ("Red Flag") law (House Bill 19-1177) was signed on April 12, 2019 and took effect in January 2020.

4.      On March 12, 2019, the Board of County Commissioners of El Paso County, Colorado adopted Resolution No. 19-76.

5.      Likewise, in 2020, the El Paso County Sheriff's Office adopted its Red Flag Statement.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiffs

Actual Damages

- *Wrongful-death claimants (Estates of Green, Loving, and Rump)*: Seek recovery of all pecuniary losses flowing from the deaths of their family members, including funeral and burial expenses, medical costs incurred before death, the decedents' lost earnings, benefits, and household services, and the financial support, guidance, and companionship the survivors would otherwise have received.

- *Injured survivors (Plaintiffs Arcediano, Del Valle, Gamblin, Hudson, Loveall, Malburg, C. Slaugh; J. Slaugh, and Winningham)*: Seek compensation for past and future medical, surgical, and rehabilitation expenses; lost wages and diminished earning capacity; disability-related costs (such as assistive devices, home or vehicle modifications, and attendant care); and any reasonable out-of-pocket losses.

<u>Non-Economic Damages</u>

- All plaintiffs (including estates and survivors) claim ongoing pain and suffering, mental anguish, emotional distress (including PTSD, anxiety, and depression), loss of enjoyment of life, inconvenience, and, for surviving relatives, grief and loss of companionship.

<u>Punitive damages</u>

- Plaintiffs seek punitive damages to deter defendants' willful and/or reckless conduct contributing to their harm.

<u>Attorney fees & costs</u>

- Plaintiffs request an award of reasonable attorney fees, costs, and expenses, and pre- and post-judgment interest as provided by federal and Colorado law.

**b. Defendant**

The El Paso County Defendants: Discovery has been stayed as to the El Paso County Defendants. Notwithstanding, Plaintiffs are not entitled to any damages from the El Paso County Defendants. The El Paso County Defendants do not seek any damages from Plaintiffs but reserve the right to seeks their costs and attorneys' fees as permitted by law.

Defendants 3430 N. Academy, LLC, Matthew Haynes, G.I.G., Inc, Club Q, LLC, and Academy3430 reserve the possibility of recovering some or all of their attorneys' fees and

litigation costs pursuant to Fed. R. Civ. P. 11(c) and C.R.S. § 13-17-201.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Rule 26(f) meeting was held on May 21, 2025.

**b. Names of each participant and party he/she represented.**

Brad Bufkin, Matthew Schneider, and Patrick Huber participated on behalf of the Plaintiffs.

Nathan Whitney, Bryan Schmid, and their paralegal Meleah Williams participated on behalf of the County Defendants.

Jonathan M. Abramson and Paul D. Godec, SGR, LLC, represented 3430 N. Academy LLC, and Matthew Haynes.

Michael D. Kuhn, KLCS PC, represented G.I.G., Inc, Club Q, LLC, and Academy3430.

Counsel for Plaintiff Hudson reached out to the Bankruptcy Attorney for Nicholas Grzecka for input as to this Scheduling Order.

Counsel for Plaintiff Hudson attempted contact with pro se Defendant Kenneth Romines, but was unsuccessful, messages were left but have not yet been answered.

Counsel for Plaintiff Hudson was unable to connect with Anderson Aldrich regarding this Scheduling Order.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties shall make their Rule 26(a)(1) disclosures on June 23, 2025. This is approximately 30 days from the Rule 26(f) meeting.

Discovery has been stayed as to the El Paso County Defendants. Notwithstanding, in accordance with the Court's Order Staying Discovery, the El Paso County Defendants shall

produce the EPSO case file information related to the two incidents at issue in this lawsuit.

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Pursuant to the Court's order entered on May 7, 2025, formal discovery related to the County Defendants is stayed until resolution of the pending motion to dismiss.  Otherwise, there are no other changes in timing or requirement of disclosures as to the other parties.

**e.  Statement concerning any agreements to conduct informal discovery.**

Plaintiffs and the County Defendants continue to discuss informal discovery related to case files and information to be exchanged and disclosed.  At this time a full agreement has not yet been reached but the parties are working diligently to reach agreement as to all informal discovery.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to mark all documents produced in discovery with Bates numbering.  The parties also agree to the use of a unified exhibit numbering system.  The parties agree to take reasonable steps to reduce the costs of discovery.

The parties have agreed to allow the County to ask questions in any depositions conducted of Club Q victims or families, including the plaintiffs, to avoid the need for Club Q victims to each participate in a deposition more than once.  This agreement is memorialized in the Courtroom Minutes from the Motion Hearing conducted on May 7, 2025.  *See* ECF No. 82.   The parties shall work together on scheduling of depositions.

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that their claims or defenses will involve extensive electronically stored information or that a substantial amount of disclosure or discovery will involve information

or records maintained in electronic form. Electronically stored information that may be relevant or sought in discovery and may include the following: emails, text messages, native format of computer-generated documents, computer log files, phone records, photographs, images, videos, voice recordings, interviews, and medical reports. The parties agree to produce all information, including any electronically stored information in their native format, and to confer regarding access to any electronically stored information to make sure that all parties can access it in its native format. Further, to avoid discovery disputes relating to electronic discovery, the parties agree to attempt to resolve any such disputes in accordance with the U.S. District Court for the District of Colorado's Guidelines Addressing the Discovery of Electronically Stored Information.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Lead counsel for each party met and conferred concerning possible settlement as part of the Rule 26(f) conference. The parties have not agreed to any formal settlement discussions or mediation at this time, but settlement discussions are ongoing.

The parties agreed to prepare and to submit to the court for entry a Protective Order with respect to certain discovery information.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

Discovery has been stayed as to the El Paso County Defendants. If the discovery stay is lifted, the El Paso County Defendants reserve the right to propound discovery to Plaintiffs and retain and disclose expert witnesses. While the stay is in place, the El Paso County Defendants' participation in the discovery process is limited to that which is clearly described within this

document. The El Paso County Defendants will not respond to interrogatories, requests for the production of documents or requests for admissions unless specified herein; neither will the El Paso County Defendants sit for depositions, including depositions under Rule 30(b)(6), unless or until the stay of discovery is lifted.

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**<u>This section is currently disputed</u>**.

Plaintiffs' position is that given the number of parties in the case (including multiple entity parties which may require addition representative depositions) and depositions of experts combined with the complexity of the claims brought in this case, Plaintiffs expect the need for at least thirty (30) depositions not counting expert depositions. Due to the complexity of the issues and claims Plaintiffs request thirty-five (35) interrogatories per party.

Position of Defendants 3430 N. Academy, LLC, Matthew Haynes, G.I.G., Inc, Club Q, LLC, and Academy3430: Given the number of parties in the case (including multiple entity parties which may require addition representative depositions) and depositions of experts combined with the complexity of the claims brought in this case, Defendants expect the need for fifteen (15) depositions exclusive of parties and experts. Due to the complexity of the issues and claims Defendants request thirty-five (35) interrogatories per party group.[1]

Defendants believe each party group should be limited to thirty-five (35) interrogatories and fifteen (15) depositions exclusive of experts.

**b. Limitations which any party proposes on the length of depositions.**

---

[1] For purposes of this Scheduling Order, each of the legal counsel identified in Part 1 represents a single "party group."

Plaintiffs anticipate no modifications to the length of depositions established in the applicable federal and local rules.

Defendants 3430 N. Academy, LLC, Matthew Haynes, G.I.G., Inc, Club Q, LLC, and Academy3430 do not anticipate modifications to the length of depositions as established by applicable rules.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**This section is currently disputed**.

Plaintiffs' position is that twenty-five (25) requests for admission to each party is sufficient. However, given the expected complexity of documentary evidence which may exist Plaintiffs propose thirty-five (35) requests for production of documents per party.

Defendants 3430 N. Academy, LLC, Matthew Haynes, G.I.G., Inc, Club Q, LLC, and Academy3430's position is that twenty-five (25) requests for admission to each party group is sufficient. However, given the expected complexity of documentary evidence which may exist, Defendants propose thirty-five (35) requests for production of documents per party group.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

60 days prior to Discovery Cut off.

**e. Other Planning or Discovery Orders:** None.

### 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings: This section is currently disputed:**

Plaintiffs propose:   May 29, 2026, but Plaintiffs may seek leave to amend thereafter.

Defendants propose:  July 7, 2025.

**b.  Discovery Cutoff:  <u>This section is currently disputed</u>:**

Plaintiffs propose a deadline of 365 days from the date of ruling on the motion to dismiss.

Defendants 3430 N. Academy, LLC, Matthew Haynes, G.I.G., Inc, Club Q, LLC, and

Academy3430 propose a deadline of 365 days from the entry of the Scheduling Order.

**c.  Dispositive Motion Deadline:**  35 days after discovery cut off.

**d.  Expert Witness Disclosure:**  120 days prior to discovery cutoff.

**1.  The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs anticipate retaining experts in the fields of:

- Premises/Negligent-Security;

- Medical Causation & Life-Care Planning;

- Mental Health;

- Law Enforcement/Threat Assessment;

- Digital Forensics; and

- Forensic Economics & Vocational Rehabilitation;

Defendants anticipate the potential for retaining experts in the following fields:

- Premises/Negligent-Security;

- Medical Causation & Life-Care Planning;

- Mental Health;

- Law Enforcement/Threat Assessment;

- Digital Forensics; and

- Forensic Economics & Vocational Rehabilitation;

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Plaintiffs anticipate retaining eight expert witnesses to address the complex liability and damages issues in this case.

Defendants anticipate retaining up to eight expert witnesses to address the claims of Plaintiffs.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 120 days before the Discovery cut off.**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 60 days before the Discovery cut off.**

**e. Identification of Persons to Be Deposed:**

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Bill Elder | TBD |
| Rule 30(b)(6) designee for El Paso County Board of County Commissioners | TBD |
| Anderson Lee Aldrich | TBD |
| Matthew Haynes | TBD |
| Kenneth Romines | TBD |
| Nicholas Grzecka | TBD |
| Bethany Gibson | TBD |
| Officers involved in the Club Q shooting investigation and arrest (to be identified) | TBD |
| Mark Waller | TBD |
| Holly Williams | TBD |
| Carrie Geitner | TBD |
| Stan VanderWerf | TBD |
| Longino Gonzalez, Jr | TBD |
| Cami Bremer | TBD |
| Jeremiah Griffith | TBD |
| Rule 30(b)(6) designee for G.I.G., Inc | TBD |
| Rule 30(b)(6) designee for Club Q, LLC | TBD |
| Rule 30(b)(6) designee for 3430 N. Academy, LLC | TBD |
| Rule 30(b)(6) designee for Academy3430, LLC | TBD |
| El Paso County Sheriff Joseph Roybal | TBD |

| Non-Party Fact Witnesses | TBD |
|---|---|
| Colorado Springs Police Department Detective Daniel Summey | TBD |
| Treating physicians/EMS first responders (to be identified) | TBD |
| Deputies involved in the shooter's 2021 arrest | TBD |
| Expert witnesses (to be identified) | TBD |
| Each of the plaintiffs (12) | TBD |

## 10.  DATES FOR FURTHER CONFERENCES

**a.  Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

**b.  A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**  None.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs anticipate the jury trial will be 15 trial days or three-weeks long.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

Plaintiffs propose that any in-person hearings related to status or scheduling, or are

otherwise non-evidentiary, be held at the 212 N. Wahsatch location as three of the five attorney groups are located in Colorado Springs as are several of the parties. All parties agree that they would prefer all matters to be handled and resolved remotely unless physical attendance is required, as the parties and counsel are across multiple states and counties.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this _____ day of _____, 2025.

BY THE COURT:

_____
[_ Insert name of Magistrate Judge_]

United States Magistrate Judge

APPROVED AS SUBMITTED ON May 23, 2025:

/s/ Patrick A. Huber
Patrick A. Huber
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
(312) 458-1000
phuber@rblaw.net

**Attorney for Plaintniffs Adriana Vance as the natural mother of Raymond Green, deceased, and as Personal Representative of the Estate of Raymond Green a/k/a Raymond Alfredo Green, deceased; Tanya Beal as the natural mother of Kelly Loving, deceased, and as the Personal Representative of the Estate of Kelly Loving a/k/a Jonathan Ray Loving, deceased; Julia Rump as the natural mother of Derrick Rump, deceased, and as Personal Representative of the Estate of Derrick Wayne Rump a/k/a Derrick W. Rump, deceased; John Arcediano; Jancarlos Del Valle; Ashtin Gamblin; Jerecho Loveall; Anthony Malburg; Charlene Slaugh; James Slaugh; and Brianna Winningham.**

/s/ Bradley T. Bufkin
Bradley T. Bufkin
Bufkin & Schneider Law, LLC
2 N. Nevada, Suite 1140
Colorado Springs, CO 80903
(719) 247-3028
brad@bbmlaw.com

**Attorney for Plaintiff Barrett Hudson.**

/s/ Michael D. Kuhn
Michael D. Kuhn
431 North Cascade Avenue, Suite 1
Colorado Springs, CO 80903
(719) 215-8000
mkuhn@klcs.law

**Attorney for Defendants G.I.G., Inc, Club Q, LLC, and Academy3430**

/s/ Paul Godec
Paul Godec
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
(303) 320-0509
pgodec@sgrllc.com

**Attorney for Defendants 3430 N. Academy LLC and Matthew Haynes**

/s/ Nathan J. Whitney
Nathan J. Whitney
Office of the County Attorney of El Paso County, Colorado
200 S. Cascade Ave.
Colorado Springs, CO 80903
nathanwhitney@elpasoco.com

**Attorney for Defendants: Board of County Commissioners of El Paso County, Colorado, and Bill Elder.**