# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Adriana Vance, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>El Paso Board of County Commissioners, *et al.*,<br><br>Defendants. | Case No.: 24-CV-3190-WJM-MDB<br><br>*Consolidated with Civil Action No. 24-CV-3193-WJM-MDB*<br><br>Judge William J. Martinez |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's inherent authority to regulate discovery, the parties hereby stipulate and agree that the Court may enter the following Protective Order ("Order") to protect from disclosure documents, testimony, and other discovery material that the parties believe in good faith contain confidential, proprietary, or otherwise sensitive information.

1. **DEFINITIONS**

The following definitions apply to words and terms used in this Protective Order:

a. "**Action**" means the above-captioned civil action and any appeals.

b. "**Attorney**" means outside counsel of record for a Party and their partners, associates, paralegals, and regular employees to whom it is reasonably necessary to disclose Protected Material for purposes of this Action.

c. **"CONFIDENTIAL INFORMATION"** means any Document or ESI, deposition testimony, discovery response, or tangible thing that a Designating Party reasonably and in good faith believes contains: (a) trade secrets; (b) non-public personal identifying information ("PII") or personal data identifiers; (c) medical, mental-health, or counseling records; (d) proprietary or

1

competitively sensitive business or financial information; (e) diaries, journals, or personal correspondence not otherwise public; (f) law-enforcement-sensitive investigative materials or security protocols; (g) information subject to a legally recognized privilege or doctrine but produced pursuant to Fed. R. Evid. 502(d); or (h) any other category of information that a court of competent jurisdiction would regard as confidential.

    d.  **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** means a document, ESI, or statement (oral or written) by any party during the course of discovery that contains, discloses, or reveals any statements and information protected under *Garrity v. State of N.J.,* 385 U.S. 493 (1967).

    e.  **"Designating Party"** means any Party or non-party that designates material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    f.  **"Destroy,"** when used in connection with electronically stored information ("ESI"), means to delete from all databases, applications, and file systems so the information is not reasonably accessible without specialized forensic tools.

    g.  **"Document"** is defined as in Fed. R. Civ. P. 34(a) and includes ESI and tangible things.

    h.  **"Notice" or "Notify"** means written notice via email or other agreed method.

    i.  **"Party"** means any named plaintiff or defendant in this Action, including its officers, directors, and in-house counsel.

    j.  **"Protected Material"** means any Document or testimony that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

    **2.**  **DESIGNATING CONFIDENTIAL INFORMATION**

    a.  A Designating Party may designate material it believes in good faith contains Protected Material by conspicuously stamping or labeling each page "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    b.    Deposition testimony may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (i) on the record during the deposition, or (ii) by written notice identifying the specific pages and lines within thirty (30) days after receipt of the transcript. Until that period expires, the entire transcript will be treated as containing Confidential Information.

    c.    If a witness is expected to testify regarding Protected Material, any Party may request that only persons authorized to receive such information, as set forth in § 3, be present during the testimony.

### 3. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

    a.    Confidential Information may be used only for prosecuting, defending, or attempting to settle this Action and for no other purpose.

    b.    No recipient may disclose Confidential Information except to:

    a. the Court and its personnel;

    b. the Parties;

    c. Attorneys and their employees;

    d. court reporters, videographers, and their staff retained in connection with this Action;

    e. persons reflected on the face of the Document as an author, addressee, or recipient;

    f. witnesses and potential witnesses, during or in preparation for deposition or testimony, provided they first sign the Acknowledgment attached as Exhibit A;

    g. experts or consultants retained for this Action who sign Exhibit A; and

    h. any other person upon written agreement of the Designating Party or order of the

Court.

c. A copy of this Order shall be provided to any person authorized under § 3(b)(vi)–(viii) prior to disclosure, and such person must execute Exhibit A.

d. If Confidential Information is disclosed to any person not entitled to receive it, the disclosing Party must promptly (i) Notify the Designating Party, (ii) use best efforts to retrieve the material, and (iii) obtain a signed Exhibit A from the unauthorized recipient if practical.

4. **ACCESS TO DOCUMENTS DESIGNATED AS ATTORNEYS' EYES ONLY**

a. Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person except:

   i. Outside Counsel for the Parties and their supporting personnel whose functions are necessary to the prosecution or defense of this Action;

   ii. Consultants or experts retained by the Parties, or the Parties' counsel, and the employees of such consultants, or experts, only to the extent reasonably necessary for the prosecution or defense of this Action, provided that such consultant or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as Exhibit A.

   iii. Persons who are providing depositions or testimony in this Action, during the course of the deposition or testimony or preparation for the same, if they are the individual who gave the statement marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or were present when the statement was made.

   iv. Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" material or persons who already possess a copy of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material; and,

v. The Court and court personnel, court reporters, employees of outside copy services used to make copies of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, and mediators, arbitrators, or other personnel engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this Action.

vi. To the extent exhibits marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are used in depositions, they will be identified by Bates number but not attached to the transcript.

5. **SERVING THIS PROTECTIVE ORDER ON NON-PARTIES**

a. A Party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and Exhibit A.

6. **CHANGING CONFIDENTIALITY DESIGNATIONS**

a. A Confidential Document remains designated as CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY unless: (i) the designating party agrees to change its designation; (ii) the designating Party publicly files the Confidential Document on the court

docket without redaction or without following the court rules and procedures for sealing; or (iii) the court so orders.

b. Any Party may challenge the designation of any Documents as confidential at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

c. Within fourteen (14) days of receipt of a challenge to a confidentiality designation, counsel for both the designating party and the objecting party must meet and confer in an effort to resolve the objection without court involvement.

d. If the dispute is not resolved, the Designating Party shall, within twenty-eight (28) days after the initial challenge notice, move the Court to retain the designation. Failure to timely move shall automatically waive the designation.

e. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.

f. The Designating Party bears the burden of demonstrating that the material is properly designated under Fed. R. Civ. P. 26(c).

7. **FILING PROTECTED MATERIAL**

a. This Order does not authorize the filing of any Document under seal. Any Party wishing to file Protected Material under seal must comply with the applicable local rules and any standing orders governing restricted filings.

  b. The Parties shall cooperate in good faith to minimize the amount of material filed under seal.

8. **PROTECTED MATERIAL AT HEARINGS OR TRIAL**

  a. A Party intending to present or refer to another Party's Protected Material at a hearing shall, absent contrary direction from the Court, provide reasonable advance notice to the Court and the Designating Party. The Court may then make such orders as necessary to govern the use of the material.

  b. This Order governs only pretrial discovery and pretrial filings. Any Party seeking protection for trial exhibits or testimony must move the Court in advance of trial.

9. **THIRD-PARTY SUBPOENAS OR COURT ORDERS**

  a. If a Party is served with a subpoena or court order in other litigation that seeks production of Protected Material, that Party shall promptly (a) Notify the Designating Party and provide a copy of the subpoena or order, (b) Notify the subpoenaing party that the materials are subject to this Order, and (c) cooperate with the Designating Party in any effort to obtain protection for the material.

10. **INADVERTENT DISCLOSURE**

  a. If a Designating Party discovers that it produced material that is (i) subject to a privilege or work-product protection, or (ii) Protected Material not so designated, it shall promptly Notify all receiving Parties. Upon such Notice, the material shall be returned or destroyed, and the disclosure shall not constitute a waiver under Fed. R. Evid. 502(d).

**11. SECURITY PRECAUTIONS AND DATA BREACHES**

a. Each Party shall exercise reasonable care to prevent unauthorized disclosure of Protected Material.

b. If any Party becomes aware of a breach of confidentiality, it shall promptly Notify the Designating Party of the scope and nature of the breach and cooperate in efforts to remedy the breach.

**12. FINAL DISPOSITION**

a. Within sixty (60) days after final termination of this Action, including any appeals, each recipient of Protected Material shall either (a) return such material to the Designating Party, or (b) Destroy it and certify in writing that destruction has occurred. Counsel of record may retain one archival copy of pleadings, motion papers, deposition transcripts, exhibits, legal memoranda, attorney work product, and executed Exhibit A acknowledgements, even if they contain Protected Material, provided such retained material is maintained in accordance with this Order.

**13. MODIFICATION**

a. Nothing in this Order limits the right of any Party to seek modification or relief from the Court. The Court may modify this Order on motion or *sua sponte*.

**14. SURVIVAL OF OBLIGATIONS**

a. The obligations imposed by this Protective Order survive the termination of this Action. This Order shall remain in full force and effect for this litigation or until canceled or otherwise modified by order of this Court. Any modification to the terms of this Order must be approved by this Court.

**15. CONTINUING JURISDICTION**

      a.      The Court retains jurisdiction to enforce or modify this Order even after the termination of the Action.

SO ORDERED this 3rd day of July, 2025.      BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge

**EXHIBIT A**

I, _____, declare that:

1. **Review of Protective Order.** I have read and understand the Protective Order entered in the consolidated cases captioned *Adriana Vance et al. v. El Paso Board of County Commissioners et al.*, No. 24-cv-3190-WJM-MDB (D. Colo.) (the "Action").

2. **Agreement to be Bound.** I agree to comply with and to be bound by all of the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of enforcing the Protective Order, even if such enforcement proceedings occur after termination of the Action.

3. **Use of Protected Material.** I will use any "Protected Material" (as that term is defined in the Protective Order) solely for purposes of the Action and will not disclose such material to anyone except as permitted under the Protective Order.

4. **Return or Destruction.** As soon as my work in connection with the Action has ended, but not later than thirty (30) days after the termination of the Action, including any appeals, I will return or Destroy all Protected Material that I received, as well as any copies, excerpts, or notes containing Protected Material, in accordance with the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

Printed Name: _____

Title/Position & Company (if applicable): _____

Address: _____

Telephone: _____

E-mail: _____