1

```
1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
2
    Case No. 24-cv-03190-WJM-MDB
3   _____

4   ADRIANA VANCE, et al.,

5       Plaintiffs,

6   vs.

7   EL PASO COUNTY BOC, et al.,

8       Defendants.
    _____
9

10          Proceedings before MARITZA DOMINGUEZ BRASWELL,

11  United States Magistrate Judge, United States District Court

12  for the District of Colorado, commencing at 10:03 a.m., May

13  7, 2025, in the United States Courthouse, Denver, Colorado.

14  _____

15          WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16  ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17  _____

18                          APPEARANCES

19          PATRICK HUBER and MATTHEW SCHNEIDER, Attorneys at

20  Law, appearing for the Plaintiff.

21          NATHAN WHITNEY, JONATHAN ABRAMSON and MICHAEL

22  KUHN, Attorneys at Law, appearing for the Defendant.

23  _____

24                         MOTION HEARING

25
```

4

1  dismiss aren't mine to decide.  In this case, I don't even
2  think they're referred to me for recommendation, but in this
3  case, I felt it was important to just truly understand and
4  kind of dig into the interrelatedness, in particular, as it
5  relates to discovery.
6          After doing that, I concluded that the answer to
7  that question of how interrelated are these claims is not
8  very much.  There are times where the claims are so
9  interrelated that discovery could get really messy by
10 staying the case or the discovery as against one group
11 versus another, but in this case, it strikes me that the
12 claims against the County are kind of a totally different
13 case than the claims against the rest of the defendants.
14         And so it seems to me that you can proceed with
15 your claims against the rest of the defendants without
16 necessarily having El Paso in the mix.  For that reason and
17 for various other reasons, including that as I -- as I was
18 reviewing the County's motion to dismiss, it struck me that
19 it's a pretty strong motion to dismiss, and the -- the
20 burden then on the defendants and the burden on the Court of
21 forcing them into discovery only to then have them be
22 dismissed seems significant in light of the fact that that
23 -- that motion appears to be pretty strong.
24         Again, not my motion to decide.  My preliminary
25 comments are, you know, worth what they're worth because the

15

1  the remaining claims or the claims against the other

2  defendants can proceed into discovery.

3          Anything else anybody would like to add or state?

4          MR. KUHN:  Yes, Your Honor.  If you don't mind,

5  I'll let Mr. Abramson explain kind of why we believe the

6  claims are interrelated.

7          But I think there's an important consideration

8  that the Court hasn't quite addressed and that is the claims

9  involving the County and our clients are somewhat derivative

10 in that if we assume that the County has a pretty strong

11 motion, the basis for jurisdiction here is federal question

12 1331, and for the remaining defendants, supplemental

13 jurisdiction under 1367.

14         And so what I could see happening, Your Honor, is

15 I could see the Article III judge agreeing with you and

16 granting the County's motion and then turning to the other

17 defendants and saying, Well, there's obviously this tension

18 between the Colorado Supreme Court and the Colorado General

19 Assembly over the Premises Liability Act.

20         The safest thing for me to do is just to decline

21 to exercise supplemental jurisdiction.  You guys go back to

22 state court.

23         And so, you know, from my perspective -- and Mr.

24 Abramson, I think we'll elaborate on why we think the claims

25 are interrelated regardless -- the question kind of

20

1     with respect to Aldrich's 2021 bomb threat case and the Club

2     Q case.

3               I understand Mr. Whitney has said that some of the

4     documents are posted online.  We have reviewed those

5     documents and believe they're incomplete.  In addition, we

6     would ask for any incident reports, swap -- body-cam

7     footage, inventory of seized weapons, charging decision

8     memos, and any other internal memos and chain of custody

9     laws.

10              THE COURT:  Okay.

11              MR. HUBER:  And that's just a few of the

12    categories of documents that are certainly not available

13    online, Your Honor.

14              THE COURT:  Okay.  All right.  Anyone else?  Okay.

15              So let me address a couple of things before I

16    issue a ruling.

17              First, Mr. Kuhn, I think it was you who raised the

18    supplemental jurisdiction issue.  I mean, one of the tricky

19    things on motions to stay are, really any motions, when I'm

20    in the referral role, is I can't predict what the presiding

21    judge is going to do.  That'll be up to him, but I don't

22    view that as necessarily in forming my analysis on the

23    interrelatedness of the claims, because my analysis is -- is

24    focused on the discovery part of it, right?

25              So when I say interrelatedness, I'm not

                                                                      21

1    necessarily saying that there's no interrelatedness as it
2    relates to the overall claims or the sort of connection
3    between dismissal on one and the remaining defendants.  All
4    I'm saying is they are not so intertwined that discovery
5    can't proceed as against one group without proceeding as
6    against the other.  So to me that argument was not -- didn't
7    necessarily move me from the position I was -- I was on
8    before.
9              The bankruptcy issue, I agree, Mr. Huber, you can
10   get that notice filed.  It will automatically stay the case
11   as it relates to the one defendant.  To the extent the
12   defendants -- the rest of the defendants believe that you
13   have some argument to be made that that automatic stay must
14   cut across all of the other defendants, you can certainly
15   file a motion.  Just because I'm ruling on your current
16   motion to stay doesn't mean you can't file a second motion
17   to stay on that particular issue.
18             I will tell you I looked at this briefly in
19   another case where we had multiple defendants, including one
20   that had filed for bankruptcy, and my reading of everything
21   suggested that you can have an automatic stay as to one and
22   it doesn't necessarily mean it requires an automatic stay as
23   to the others.
24             So that is how I'm inclined based on a high-level
25   review in another case, but you're not precluded from filing