IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-3190-WJM-MDB
Consolidated with Civil Action No. 1:24-cv-3193-WJM-MDB

ADRIANA VANCE, as natural mother of Raymond Greed, deceased, and as Personal Representative of the Estate of Raymond Green *et al*.,

    Plaintiffs,

v.

EL PASO COUNTY BOARD OF COUNTY OF COMMISSIONERS *et al*.,

    Defendants.

_____

**DEFENDANTS G.I.G., INC; CLUB Q, LLC; AND ACADEMY3430 LLC'S RESPONSE TO MOTION FOR ORDER TO DECLINE SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(C) OVER THE REMAINING STATE-LAW CLAIMS AND TO DISMISS THOSE CLAIMS WITHOUT PREJUDICE [ECF NO. 107]**
_____

    Club Q Defendants and Plaintiffs agree that the remaining claims in this case must be dismissed. *See* ECF Nos. 107, 108. The only dispute is whether the dismissal should be pursuant to Fed. R. Civ. P. 12(b)(1) or 28 U.S.C. § 1367(c).

    The answer is the former. The Court cannot decline to exercise supplemental jurisdiction under Section 1367(c) if it never acquired jurisdiction in the first instance under Section 1367(a). Congress only vested district courts with jurisdiction to hear pendent claims that form "part of the same case or controversy" as the claim over which it has original jurisdiction. *See* 28 U.S.C. § 1367(a). "District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction." *Est. of Harshman v. Jackson Hole Mountain Resort*

*Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). A plaintiff invoking supplemental jurisdiction must first satisfy this test "before the judicial power of the United States may be invoked properly." *Id* at 1165.

As set forth in ECF No. 108, Plaintiffs' claims against the Club Q Defendants do not share a common nucleus of operative facts with the claims against the El Paso County parties which formed the sole basis for original jurisdiction. The claims involve different substantive law, different evidence, and different factual questions. Accordingly, this Court never had jurisdiction over Plaintiffs' claims against the Club Q Defendants and thus cannot decline to exercise non-existent supplemental jurisdiction.

*Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68, 69-70 (1st Cir. 1999), is instructive. That case involved a mentally impaired individual who was allegedly kidnaped and beaten by police officers and who died at a hospital where he was brought for treatment. *Id*. The plaintiffs (the parents) asserted claims against the police officers under 42 U.S.C. § 1983 and, invoking supplemental jurisdiction, brought medical negligence claims against the hospital. *See id*. The hospital moved to dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(1) arguing that the claims did not arise from a common nucleus of operative facts and, thus, the court did not have supplemental jurisdiction under 28 U.S.C. § 1367(a). *See id*. The district court agreed and dismissed the claims pursuant to Fed. R. Civ. P. 12(b)(1). *See id*. Affirming, the First Circuit held, "Whether or not the police violated [the individual's civil rights has nothing to do with whether the hospital and doctors conformed to the requisite standard of care[.]" *Id*. at 70.

Accordingly, the Court must answer a threshold question: Does the Court have supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a)? The answer is no and, therefore, the claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See Am. Soc. of Consultant Pharmacists v. Patla*, 138 F. Supp. 2d 1062, 1075 (N.D. Ill. 2001) (citing cases) ("[T]here is authority for treating dismissal of state law claims pursuant to Section 1367(a) as a Rule 12(b)(1) dismissal"). Only by answering that threshold question in the affirmative can the Court proceed to the second question of whether it should nonetheless decline to exercise supplemental jurisdiction pursuant 28 U.S.C. § 1367(c). Even Plaintiffs' agree the answer to the second question is yes.

DATED:  July 19, 2025

/s/ Michael D. Kuhn
Michael D. Kuhn
Cameron L. Caldwell
KLCS PC
431 N. Cascade Ave, Ste. 1
Colorado Springs, CO 80903
Phone:  (719) 215-8000
Fax:     (719) 457-5366
Email:   mkuhn@klcs.law
         ccaldwell@klcs.law

*Attorneys for Defendants G.I.G.,
Club Q LLC, and Academy3430*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2025, a correct copy of the above and foregoing was served on the following:

Bradley T. Bufkin
Matthew L. Schneider
Bufkin & Schnider Law, LLC
2 N. Nevada Ave., Suite 1140
Colorado Springs, CO 80903
brad@bbmslaw.com
matthew@bbmslaw.com
*Attorneys for Consolidated Plaintiff and Interested Party Barrett Hudson*

Nathan J. Whitney
Bryan E. Schmid
El Paso County Government
200 S. Cascade Ave.
Colorado Springs, CO 80903
nathanwhitney@elpasoco.com
bryanschmid@elpasoco.com
*Attorneys for El Paso County Defendants*

Roberta J. Sunkin
Allan D. NewDelman, P.C.
80 East Columbus Avenue
Phoenix, AZ 85012
anewdelman@adnlaw.net
*Bankruptcy Attorneys for Defendant Nicholas Grzecka*

Antonio M. Romanucci
Patrick A. Huber
Sarah M. Raisch
Romanucci & Bladin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
aromanucci@rblaw.net
phuber@rblaw.net
sraisch@rblaw.net
*Attorneys for Vance Plaintiffs*

Paul D. Godec
Jonathan Abramson
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
(303) 320-0509
pgodec@sgrllc.com
jabramson@sgrllc.com
*Attorneys for 3430 North Academy, LLC and Matthew Haynes*

**Via U.S. Mail, First-Class**
Nicholas Grzecka
4202 N. 28th St., Suite 14
Phoenix, AZ 85016
nicgrzecka@gmail.com
*Defendant Pro Se*

/s/ Michael D. Kuhn

4