IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 24-cv-3190-WJM-MDB
*Consolidated with Civil Action No. 1:24-cv-3193-WJM-MDB*

ADRIANA VANCE,
BARRETT HUDSON,
TANYA BEAL,
JULIA RUMP,
JOHN ARCEDIANO,
JANCARLOS DEL VALLE,
ASHTIN GAMBLIN
JERECHO LOVEALL,
ANTHONY MALBURG,
CHARLENE SLAUGH,
JAMES SLAUGH,
BRIANNA WASHINGTON

    Plaintiffs,

v.

EL PASO COUNTY OF COMMISSIONERS,
BILL ELDER,
G.I.G., INC.,
CLUB Q, LLC,
3430 N. ACADEMY, LLC,
MATTHEW HAYNES,
KENNETH ROMINES,
NICHOLAS GRZECKA

    Defendants.

**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER
REMAINING STATE LAW CLAIMS AND DISMISSING THE ACTION**

Before the Court are Plaintiffs James Slaugh, Brianna Winningham, Adriana Vance, Tanya Beal, Julia Rump, John Arcediano, Jancarlos Del Valle, Ashtin Gamblin, Jerecho Loveall, Anthony Malburg, and Charlene Slaugh's ("Plaintiffs") motion to

decline supplemental jurisdiction over their remaining state law claims and Defendants G.I.G., Inc. d/b/a Club Q, Club Q, LLC d/b/a Club Q, 3430 N. Academy, LLC, Academy6430, LLC, and Matthew Haynes's (collectively, "Defendants") motion to dismiss for lack of supplemental jurisdiction ("Motion" or "Motions").  (ECF Nos. 107, 108.)  For the following reasons, the Court grants the Motions to the extent they ask the Court to decline supplemental jurisdiction over the remaining state law claims.

In June 2025, the Court dismissed Plaintiffs' Colorado Premises Liability Act claim against Defendants, leaving intact their negligence and wrongful death claims. (ECF No. 97.)  In July 2025, the Court dismissed Plaintiffs' state created danger claims against Defendants Board of County Commissioners of El Paso County, Colorado and former El Paso County Sheriff Bill Elder.  (ECF No. 105.)  Hence, all that remains in this lawsuit are Plaintiffs' negligence and wrongful death claims against Defendants.

The parties now ask the Court to dismiss those state law claims but under different legal theories.  Plaintiffs "move the Court to exercise its discretion and decline supplemental jurisdiction over the remaining negligence and wrongful death claims remaining after the dismissal of all federal causes of action, and to dismiss those claims without prejudice so that they may be re-filed in the courts of Colorado."  (ECF No. 107 at 1.)  Defendants also move the Court to dismiss the state law claims but for a different reason: They submit that the Court never had supplemental jurisdiction over the negligence and wrongful death claims in the first place because they do not share a common nucleus of operative fact with the state created danger claims.  (ECF No. 108.) Accordingly, Defendants ask the Court to dismiss the action with prejudice under Fed. R. Civ. P. 12(b)(1).  (*Id.*)  Defendants alternatively argue that "the Court should decline

to exercise supplemental jurisdiction now that it has dismissed the claims over which it had original jurisdiction." (*Id.* at 13.)

Defendants' argument regarding the lack of supplemental jurisdiction may have merit.[1] Yet the Court need not stake out a position on this issue to resolve the Motions. The parties agree that, even assuming that supplemental jurisdiction exists, the Court should nonetheless decline to exercise it given its dismissal of the federal claims in this case. The Court will therefore assume, for purposes of ruling on the Motions, that it has supplemental jurisdiction over the outstanding negligence and wrongful death claims, but it will decline to exercise it since no federal law claim remains. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (citation omitted).

Consequently, the Court ORDERS as follows:

1. Plaintiffs' Motion is GRANTED (ECF No. 107);
2. Defendants' Motion is GRANTED to the extent it asks the Court to decline supplemental jurisdiction but is DENIED in all other respects (ECF No. 108);
3. The operative complaints (ECF Nos. 29, 56) are DISMISSED without prejudice;
4. All parties shall bear their own costs and attorney's fees; and
5. The Clerk shall TERMINATE these consolidated cases.

---

[1] The Court questions why Defendants did not raise this argument in their original motion to dismiss.

Dated this 31st day of July, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

4